**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **P.R.**

**No. 22-552** (Wood County 21-JA-159)

## MEMORANDUM DECISION

Petitioner Father K.R.[1] appeals the Circuit Court of Wood County's June 1, 2022, order terminating his parental rights to P.R.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In July of 2021, the DHHR filed a petition alleging that petitioner's substance abuse negatively impacted his ability to parent, as evidenced by his use of controlled substances while P.R. was in his sole care and custody. The circuit court held an adjudicatory hearing in September of 2021, during which petitioner stipulated to the allegations contained in the petition. The court accepted the stipulation and adjudicated petitioner as an abusing parent. Additionally, the court granted petitioner a post-adjudicatory improvement period, the terms of which required he do the following: attend narcotics anonymous meetings; participate in individual therapy; submit random drug screens; attend parenting and adult life skills classes; cooperate with service providers; maintain sobriety; attend supervised visits; and to cease a relationship with a paramour, H.W.[3]

The circuit court held a series of status hearings, wherein it repeatedly ordered petitioner to participate in individual therapy or narcotics anonymous meetings and to avoid H.W. Despite the need for these repeated warnings due to petitioner's non-compliance with the terms of his post-adjudicatory improvement period, the court granted petitioner an extension to that improvement

---

[1] Petitioner appears by counsel John Woods. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Katica Ribel. Michael D. Farnsworth Jr. appears as the child's guardian ad litem.

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[3] H.W.'s parental rights to her own children were terminated in a separate child abuse and neglect proceeding. As such, the multidisciplinary team agreed that H.W. was an inappropriate person to have contact with the child and that petitioner continuing a relationship with her was a barrier to reunification.

period. In April of 2022, the DHHR requested the court to terminate petitioner's improvement period, stating that petitioner had relapsed, stopped drug screening, and was arrested for strangling H.W. The court held a hearing on the motion that same month, and petitioner testified that he had relapsed into drug addiction. During the hearing, the court learned that petitioner's drug screen showed that he was positive for methamphetamine, marijuana, and norfentanyl. The court terminated petitioner's post-adjudicatory improvement period but stated that petitioner could continue to drug screen to show compliance with the court's prior order before the dispositional hearing.

Petitioner filed a motion for post-dispositional improvement period in May of 2022. That same month, the circuit court held a dispositional hearing, during which petitioner testified he had a bond with P.R. and that he faithfully exercised supervised visits with P.R. during his post-adjudicatory improvement period. Petitioner stated that he had suffered from a drug problem since he was fifteen years old but was willing to comply with the terms and conditions of a post-dispositional improvement period to address it. Petitioner explained that he skipped the four drug screens since the April of 2022 hearing because he knew he would test positive for illicit substances, including heroin and methamphetamine. He further stated that he had attended a methadone clinic during the prior two weeks. Petitioner admitted, however, that he remained in a relationship with H.W. despite his recent arrest for strangling her. The guardian and the DHHR argued against a post-dispositional improvement period and in favor of termination.

The court denied petitioner's motion for a post-dispositional improvement period, noting that services remained available to petitioner after the April of 2022 hearing, yet he failed to drug screen and exercise supervised visits. The court considered P.R.'s need for the continuity of caretakers and noted that P.R. had been in foster care for twenty-three months—nearly half of his life—when accounting for the child's placement with the same foster family during the mother's prior child abuse and neglect case. The court stated that petitioner's "instability is harmful to this child." The court concluded that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future in light of his continued substance abuse and lack of compliance with services since March of 2022. The court also found that termination was necessary for child's welfare. The court terminated petitioner's parental rights by order entered on June 1, 2022.[4] It is from the dispositional order that petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Petitioner alleges that the circuit court erred in denying his motion for a post-dispositional improvement period. However, petitioner does not allege that he established a substantial change in circumstances such that a post-dispositional improvement period was appropriate under West Virginia Code § 49-4-610(3). Indeed, petitioner's post-adjudicatory improvement period was terminated for noncompliance, and the evidence before the court established that since that termination, he continued to fail to drug screen or otherwise take action to address his drug addiction. Concerningly, petitioner testified that he remained in a relationship with H.W. despite his prior arrest for strangling her and the requirement in his prior

_____

[4]The mother's parental rights were terminated in 2018. The permanency plan for P.R. is adoption by his foster family who previously adopted his half-sibling.

2

improvement period that he have no contact with her. Accordingly, we agree with the circuit court's denial of a post-dispositional improvement period. *See In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015) ("West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period."); Syl. Pt. 6, in part, *In re Katie S.*, 198 W. Va. 79, 479 S.E.2d 589 (1996) ("It is within the court's discretion to grant an improvement period within the applicable statutory requirements. . . .").[5]

This same evidence supports the circuit court's termination of petitioner's parental rights. Petitioner contends that termination was not the least restrictive dispositional alternative and that his only his custodial rights should have been terminated due to his alleged bond with P.R. However, the record shows that petitioner "demonstrated an inadequate capacity to solve the problems of abuse or neglect on [his] own or with help." *See* West Virginia Code § 49-4-604(d) (defining no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected). Petitioner received a plethora of services over many months yet failed to take full advantage of those services. Further, the court found that termination of petitioner's parental rights was necessary for the child's welfare, given petitioner's domestic violence with H.W. and his unabated substance abuse. Petitioner made no substantial progress in addressing the conditions of abuse and neglect and continued to pose a threat to the child's safety. Accordingly, petitioner is not entitled to relief. West Virginia Code § 49-4-604(c)(6) permits a circuit court to terminate parental rights "without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be substantially corrected." Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (citation omitted). As such, we find no error in the termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its June 1, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: April 25, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

---

[5]Petitioner also argues that the circuit court erred in denying him post-termination visitation. However, the record shows that petitioner made no such request. "'Our general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered.' *Shaffer v. Acme Limestone Co., Inc.*, 206 W.Va. 333, 349 n.20, 524 S.E.2d 688, 704 n.20 (1999)." *Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009). As such, the Court will not address this argument on appeal.